IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HENRY SEBASTIAN ROHDEN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:13-CV-166 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HENRY SEBASTIAN ROHDEN. By his habeas application, petitioner challenges a January 27, 1993 conviction for the felony offense of attempted murder out of the 320th Judicial district Court of Potter County, Texas.[1] *See State v. Rohden*, Cause No. 32,139-D. Petitioner argues new evidence in the form of a March 5, 2009 affidavit from the alleged victim establishes he was innocent of the offense and that his counsel was ineffective for failing, prior to petitioner's plea of guilty, to interview the alleged victim and to discover her statement that petitioner "had not shot at [her] with a gun trying to kill [her.]"

---

[1] Petitioner also pled guilty to the offense of aggravated assault in Cause No. 31, 947-D , and true to probation violations resulting in an adjudication of guilt for the offense of aggravated assault on a peace officer in Cause No. 27,931-D. As part of a plea bargain, deadly weapon findings were waived in all cases and petitioner was assessed a 10-year sentence in each case, such sentences to run concurrently. Petitioner was subsequently convicted in 2003 of the federal offense of possession with intent to distribute narcotics and sentenced to 235 months imprisonment. *United States v. Rohden*, Cause No. 2:03-CR-46. Petitioner's state convictions for attempted murder and aggravated assault were used to enhance his federal sentence.

Petitioner ROHDEN is not entitled to relief because (1) he has discharged the sentence and is no longer in custody as a result of the challenged conviction, and (2) his petition is time-barred.

I.
CHALLENGE TO DISCHARGED SENTENCE

The purpose of a federal writ of habeas corpus is to provide relief to a petitioner by freeing him from custody imposed in violation of the Constitution or laws of the United States. Consequently, in order to pursue federal habeas corpus relief, a petitioner must show he is, in fact, "in custody." *See* 28 U.S.C. §§ 2241(c). Where a petitioner challenges his state custody, he must show he is in custody under the judgment and sentence of a state court and that such custody is in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). <u>Specifically, the petitioner must be in custody pursuant to the conviction or sentence challenged in the federal habeas corpus petition</u>. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). A habeas petitioner does not remain "in custody" after the sentence imposed for a conviction has fully expired. *Id.* at 491-92, 109 S.Ct. at 1925-26. Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to consider the federal habeas petition. *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

Petitioner has fully discharged the 10-year sentence assessed for his 1993 attempted murder conviction. Therefore, petitioner is no longer "in custody" pursuant to that conviction or sentence. Consequently, this Court lacks jurisdiction to entertain a challenge to that 1993 conviction.

II.
## TIME BARRED

Even if this Court had jurisdiction, petitioner would be time barred. Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims relate only to the validity of his January 27, 1993 conviction. The record does not reflect that any unconstitutional State action prevented petitioner from filing this federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C). To the extent petitioner might argue that he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date,

*i.e.*, the date the alleged victim gave the affidavit stating petitioner "had not shot at [her] with a gun trying to kill [her]," he is still time-barred. *See* 28 U.S.C. § 2244(d)(1)(D). Under this provision of the statute, the one-year limitation period could be argued to have begun to run on March 5, 2009, the date of the affidavit. Consequently, any federal application for a writ of habeas corpus challenging petitioner's conviction would have been due on or before March 5, 2010, subject to any applicable tolling.

On April 7, 2009, petitioner filed a state habeas corpus application challenging his attempted murder conviction on the same ground he presents in this federal proceeding. *See Ex parte Rohden*, No. 32,193-04. The Texas Court of Criminal Appeals website indicates it dismissed the application on June 3, 2009 because petitioner had discharged his state sentence for that conviction. *In re Rohden*, WR-60,211-12. The Court of Criminal Appeals did not consider the merits of petitioner's state habeas application, instead dismissing the application because relief could not be granted on a discharged sentence. Considering this state habeas petition as "properly filed" for purposes of argument, the limitation period was statutorily tolled from April 7, 2009 to June 3, 2009 (58 days), making petitioner's federal habeas petition due on May 2, 2010.

Petitioner also filed a second and a third state application for habeas relief challenging this same attempted murder conviction and both applications were dismissed as abusive. *See In re Rohden*, WR-60,211-13 (Trial Court No. 32,193-05); WR-60,211-14 (Trial Court No. 32,193-06). Considering these state habeas petitions as "properly filed" for purposes of argument,[2] the limitation period would have been tolled from January 19, 2010 to April 7, 2010 (78 days) for the

---

[2] *See Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999) (a successive state habeas application was "properly filed" under section 2244(d)(2) even though it had been dismissed as an abuse of the writ under Texas law).

second petition, making petitioner's federal habeas petition due on July 19, 2010. The limitation period would not have been tolled while petitioner's third state habeas petition was pending, from June 25, 2012 to September 5, 2012, because this period would have been after the expiration of the limitation period on July 19, 2010. Consequently, even statutorily tolling the limitation period for the time periods the first and second state habeas actions were pending, petitioner's federal habeas application, delivered to the prison authorities for filing on September 4, 2013, is time barred.

III.
ACTUAL INNOCENCE

Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that state conviction is later used to enhance a criminal sentence, whether in federal court or in state court, the defendant generally may not challenge the later enhanced sentence under §§ 2254 or 2255 on the ground that the prior conviction was unconstitutionally obtained. *See Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). There are two exceptions to this foreclosure principle: (1) where a criminal defendant was denied the assistance of counsel (here, petitioner does not allege he was denied assistance of counsel in his 1993 conviction – on the contrary, petitioner faults the performance of his trial counsel in connection with that criminal proceeding); or (2) where state action prevented the defendant from raising a federal constitutional claim, or newly discovered evidence establishes the defendant is

actually innocent of the crime for which he was convicted. *Lakawanna*, 532 U.S. at 405-06, 121 S.Ct. at 1575.

Petitioner appears to be attempting to make an argument that newly discovered evidence (the March 5, 2009 affidavit) establishes he is actually innocent of the attempted murder offense for which he was convicted and, therefore, the second exception in *Lakawanna* applies which would possibly permit this Court to consider his challenge to his 1993 state attempted murder conviction in this section 2254 proceeding. For the reasons set out below, petitioner's actual innocence claim is not cognizable.

First, as recited under paragraph I, the Court does not have subject matter jurisdiction to hear any attack on the 1993 attempted murder conviction because petitioner ROHDEN has discharged the 10-year state sentence he was given.

Second, this is not a section 2255 proceeding challenging petitioner's federal conviction as having been improperly enhanced, rather, this is a section 2254 proceeding challenging petitioner's discharged state attempted murder conviction. It would be futile to classify this petition as a 2255 action since ROHDEN has unsuccessfully challenged the federal sentence he is currently serving on the grounds that he should not have been classified as a "career offender" under the federal sentencing guidelines. Any section 2255 action initiated by petitioner at this stage would be successive and would require the permission of the Court of the Appeals for the Fifth Circuit to proceed prior to filing.

Third, while the post-conviction affidavit from the alleged victim indicates her view of the incident as of March 5, 2009, the alleged victim was not the complainant identified in the Complaint charging petitioner with attempted murder. Rather, Africia Moore was named as the

complainant and it was her testimony, given at the time of the offense, that she observed petitioner shoot at the alleged victim with a firearm that formed the basis of the attempted murder charges. At most, petitioner has produced conflicting testimony and he has not established actual innocence of the charged offense. More importantly, petitioner pled guilty to the charge of attempted murder and admitted he "did exactly what the State said [he] did." Petitioner has not demonstrated actual innocence.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner HENRY SEBASTIAN ROHDEN be DISMISSED for lack of subject matter jurisdiction and as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   20th   day of June 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).